# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ZANE BOWMAN,

Appellant,

v.

REGINA A. KARDASH,

Appellee.

No. 2D2024-2823
_____

February 25, 2026

Appeal from the Circuit Court for Pinellas County; Steve D. Berlin, Judge.

Tara Scott Lynn of Law Offices of Tara J. Scott, P.A., St. Petersburg, for Appellant.

Regina A. Kardash, pro se.

NORTHCUTT, Judge.

Zane Bowman and Regina Kardash had a child together in 2017. They have never been married. In remarkably heated and tortuous paternity litigation, the circuit court ultimately entered a judgment ordering equal timesharing and shared parental responsibility, from which Bowman appeals.

The litigation was unnecessarily lengthy and contentious, almost entirely due to Kardash's extreme and persistent misbehavior. We need

not describe her conduct in detail. Suffice it to say that Kardash's instability and vituperativeness—directed at Bowman, his attorney, third-party providers, and even the court—were of an uncommon magnitude, to the point, for example, that the child's school disenrolled him and that on another occasion, the court was forced to order an emergency suspension of her timesharing.[1] Given the challenges posed by Kardash's behavior, we commend the circuit judge for the patient, even-handed, and deliberative manner in which he conducted the proceeding.

After careful consideration, albeit with some reluctance, we conclude that the circuit court did not abuse its discretion by ordering equal, unsupervised timesharing. Notably, the court itself hesitated to do so, writing that "[t]he court has considered granting the Mother limited timesharing without overnights. Her behavior is some of the most extreme in family court. The court questions whether it should." Ultimately, the court concluded that Kardash did not pose a physical

---

[1] The order under review altered a parenting plan first prescribed in a prior Partial Final Judgment of Paternity that, among other things, established Bowman's paternity. Kardash contends that this prior order was entitled to res judicata effect, requiring a substantial change of circumstances to permit a modification of the parenting plan. But that judgment was not rendered final at the time, owing to motions for rehearing filed by both parties, such that the instant judgment constitutes a final order that made an initial parenting determination. In any event, circumstances did change following entry of the Partial Final Judgment. Seemingly wounded by findings in that order, Kardash immediately overreacted. She impulsively declared that the court had deemed her to be an unfit mother, filed a motion to have her own parental rights terminated, and otherwise embarked on a course of such irrational, bizarre, and chaotic behavior that Bowman rightly sought an ex parte emergency suspension of Kardash's timesharing. The court temporarily suspended Kardash's timesharing three days after entering the Partial Final Judgment.

threat to the child, but it observed that "[t]his finding is a close one. The record evidence could as easily support the Mother only exercising supervised timesharing due to her erratic behavior and her subjective beliefs of abuse and conspiracy not being objectively consistent with the facts."

Importantly, the circuit court's fear for the child's safety was allayed by the opinion of a psychologist who had evaluated and tested Kardash and found that she scored low on the child abuse potential inventory. The psychologist testified that he did not have a concern, provided that Kardash was in counseling and following psychiatric advice for medication. But even though the court placed "great weight" on that testimony, the court did not include in the parenting order a directive that Kardash comply with those requirements.

In *C.N. v. I.G.C.*, 316 So. 3d 287, 292 (Fla. 2021), the court described a therapy requirement as a "protective measure[]" intended to further the success of the parties' parenting plan. That is precisely the purpose such a requirement would serve in this case. Because the psychologist's recommendation of equal, unsupervised timesharing was expressly conditioned on counseling and psychiatric care, the omission of those conditions from the final parenting order was an abuse of discretion. This necessitates a reversal and remand for the imposition of reasonable and necessary protective measures consistent with the psychologist's recommendation.

Turning to the parental responsibility provision, we have difficulty sussing why the circuit court ordered fully shared parental responsibility under the facts of this case. Section 61.13(2)(c)4, Florida Statutes (2024), authorizes a court to assign responsibility over specific aspects of the child's welfare to one party or the other based on the best interests of

3

the child. "Areas of responsibility may include education, health care, and any other responsibilities that the court finds unique to a particular family." *Id.* Beyond that, section 61.13(2)(c)5 *requires* the court to order sole parental responsibility to one parent if it is in the child's best interests.

The circumstances of this case begged for the exercise of the circuit court's authority to tailor the parties' parenting authority. In its final order, the court wrote that "[n]early every institution related to the minor child had difficulty working with the Mother." Indeed, "[t]he Mother launches into *ad homin[em]* attacks on nearly everyone. Most of the people she attacks are dedicated to helping the minor child. She attacks them when things are not done exactly her way. This is harmful to the minor child." Certainly, it was not in the child's best interest to permit this behavior to continue. On the record before it at that time, the court should have imposed appropriate limitations on Kardash's parental responsibility or at least included in its judgment an explanation for failing to do so.

That said, substantial time has now passed since the circuit court received the evidence in our record. We are unaware of how the parties have fared since or what the current circumstances are related to the child's well-being. Therefore, on remand the court must revisit its shared responsibility determination in light of this opinion and the current situation. It may either reaffirm its award of full shared parental responsibility if the current circumstances permit, or it may alter the award as appropriate. The court may take additional evidence on this issue as it deems necessary.

Affirmed in part; reversed in part; remanded with instructions.

4

KHOUZAM and MORRIS, JJ., Concur.

Opinion subject to revision prior publication.